UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

BARRY FITZGERALD,

                                  *Plaintiff*,

      -against-

                                  Case No. 22-CV-3410 (AMD)(CLP)

SODEXO INC. and NY PRESBYTERIAN QUEENS,

                                  *Defendants*.

---------------------------------------------------------------------x

## **DEFENDANT NEWYORK-PRESBYTERIAN/QUEENS'S
ANSWER TO PLAINTIFF'S COMPLAINT**

        Defendant NewYork-Presbyterian/Queens, incorrectly sued herein as "NY Presbyterian Queens" ("Defendant" or "NYPQ"), by its counsel, Jackson Lewis, P.C., for its Answer and Affirmative and Other Defenses to the Complaint of *Pro Se* Plaintiff Barry Fitzgerald ("Plaintiff"), states as follows:

### **AS TO "I. THE PARTIES TO THIS COMPLAINT"**

1.     NYPQ denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "A" of Section I of the Complaint.

2.     NYPQ denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "B" of Section I of the Complaint, and avers that NYPQ is not named as a Defendant therein.

3.     NYPQ denies each and every allegation set forth in Paragraph "C" of Section I of the Complaint.

## AS TO "II. BASIS FOR JURISDICTION"

4. NYPQ denies each and every allegation set forth in Section II of the Complaint, except avers Plaintiff purports to bring this action for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

## AS TO "III. STATEMENT OF CLAIM"

5. NYPQ denies each and every allegation set forth in Paragraph "A" of Section III of the Complaint.

6. NYPQ denies each and every allegation set forth in Paragraph "B" of Section III of the Complaint.

7. NYPQ denies each and every allegation set forth in Paragraph "C" of Section III of the Complaint.

8. NYPQ denies each and every allegation set forth in Paragraph "D" of Section III of the Complaint.

9. NYPQ denies each and every allegation set forth in Paragraph "E" of Section III of the Complaint.

## AS TO "IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES"

10. NYPQ denies the allegations set forth in Paragraph "A" of Section IV of the Complaint.

11. NYPQ denies the allegations set forth in Paragraph "B" of Section IV of the Complaint.

## AS TO "V. RELIEF"

12. NYPQ admits that Plaintiff seeks the relief set forth in Section V of the Complaint but denies that he is entitled to any such relief.

## ADDITIONAL AVERMENTS

Defendant denies all claims and allegations not unequivocally admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

As further answer to the Complaint, NYPQ asserts the following defenses without assuming any burden of production or proof that it would not otherwise have. NYPQ reserves the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## AS AND FOR DEFENDANT'S FIRST DEFENSE

The Complaint should be dismissed in whole or in part, because it fails to state a claim upon which relief may be granted.

## AS AND FOR DEFENDANT'S SECOND DEFENSE

The Complaint should be dismissed in whole or in part because it is barred by the applicable statute of limitations.

## AS AND FOR DEFENDANT'S THIRD DEFENSE

Plaintiff was not an employee of Defendant and to the extent that any claim asserted by Plaintiff is predicated upon the existence of an employer-employee relationship between Plaintiff and Defendant, the same should be dismissed.

## AS AND FOR DEFENDANT'S FOURTH DEFENSE

In the event that it is concluded that Defendant was Plaintiff's employer and a prohibited factor motivated any act alleged against Defendant by Plaintiff, the same act would have been taken even absent any discriminatory motive.

## AS AND FOR DEFENDANT'S FIFTH DEFENSE

In the event that it is concluded that Defendant was Plaintiff's employer, to the extent that Plaintiff engaged in misconduct prior to or during his employment with Defendant,

which, if known to Defendant, would have resulted in denial of employment to or termination of the employment of Plaintiff, any relief awarded to Plaintiff should be eliminated or reduced, in whole or in part.

## AS AND FOR DEFENDANT'S SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to set forth with sufficient specificity the facts underlying his claims.

## AS AND FOR DEFENDANT'S SEVENTH DEFENSE

The Complaint is barred, in whole or in part, because (a) Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior, and, (b) Plaintiff unreasonably failed to utilize or to take advantage of any preventive or corrective opportunities provided by Defendant to avoid discrimination.

## AS AND FOR DEFENDANT'S EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies, elected an administrative, non-judicial remedy or exceeded the scope of the administrative charge filed with the Equal Employment Opportunity Commission.

## AS AND FOR DEFENDANT'S NINTH DEFENSE

Plaintiff's claim for punitive damages, if any, are precluded by Defendant's good faith efforts to comply with federal, State and local anti-discrimination laws.

## AS AND FOR DEFENDANT'S TENTH DEFENSE

Plaintiff is not entitled to a trial by jury as to any issue of law or fact relating to his alleged entitlement to any form of equitable relief.

## AS AND FOR DEFENDANT'S ELEVENTH DEFENSE

In the event that it is concluded that Defendant was Plaintiff's employer, the Complaint is barred in whole or in part because Plaintiff was an at-will employee and all actions

taken by Defendant with respect to Plaintiff were taken for legitimate and non-discriminatory business reasons.

## AS AND FOR DEFENDANT'S TWELFTH DEFENSE

Plaintiff's discrimination and harassment claims fail because the conduct of which Plaintiff complains amount to petty slights and trivial inconveniences.

## AS AND FOR DEFENDANT'S THIRTEENTH DEFENSE

To the extent Plaintiff failed to make good faith and diligent efforts to mitigate his alleged damages and injuries, any relief awarded to Plaintiff should be diminished, in whole or in part.

\* \* \*

**WHEREFORE**, Defendant requests that the Court:

a) dismiss with prejudice Plaintiff's Complaint;

b) deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c) award to Defendant reimbursement for its costs, including attorneys' fees; and,

d) grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       January 10, 2023

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEY FOR DEFENDANTS*
*SODEXO INC. and*
*NEWYORK-PRESBYTERIAN/QUEENS*
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404

By:     *s/William Kang*
       William Kang, Esq.

4886-7545-6328, v. 1

5

# **CERTIFICATE OF SERVICE**

   I hereby certify that on January 10, 2023 **DEFENDANT NEWYORK-PRESBYTERIAN/QUEENS'S ANSWER TO PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service and to be served by depositing a true and correct copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, upon the following parties and participant via First Class mail to:

Barry Fitzgerald
21 St. James Place
Apt. 20N
Brooklyn, NY 11205

                *s/William Kang*
                William Kang, Esq.

4886-7545-6328, v. 1