UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BARRY FITZGERALD,

                Plaintiff,

  -against-                               **ORDER**
                                         22 CV 3410 (LDH) (CLP)

SODEXO, INC., *et al.*,

                Defendants.
----------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

      On June 7, 2022, plaintiff Barry Fitzgerald, appearing *pro se*, commenced this action against Sodexo Inc., NY Presbyterian Queens, Daniel Skupski, and Bankin Parekh. On July 12, 2022, the District Court dismissed the claims against Daniel Skrupski and Bankin Parekh for failure to state a claim. (ECF No. 4). On October 28, 2022, defendant Sodexo, Inc. answered the Complaint. (ECF No. 13). On January 10, 2023, defendant NY Presbyterian Queens, asserting that its proper name is NewYork-Presbyterian/Queens, answered the Complaint. (ECF No. 17).

      An initial conference is set as follows:

| | |
|---|---|
| DATE: | **February 14, 2023** |
| TIME: | **12:15 PM** |
| LOCATION: | Initial conference will proceed via AT&T conference call. |
| | Please dial 877-336-1839 at **12:15 PM.** |
| | Enter Access code: 380-1746 and security code: 22-3410 |

Counsel for all parties, and any *pro se* party, must attend this Telephone Initial Conference. Any requests to adjourn or reschedule the Initial Conference must be made **in writing** and received

1

by the Court at least forty-eight (48) hours before the scheduled date.

### A. Purpose of the Initial Conference

One important purpose of the initial conference is to establish a schedule and to discuss what lawyers usually call "discovery." See Fed. R. Civ. P. 16(a) (explaining the purpose of a pretrial conference); Fed. R. Civ. P. 16(c)(2) (setting forth the matters courts may consider at a pretrial conference). Discovery takes place before trial, and is the process by which parties gather evidence and other information to narrow the issues in dispute and for use at trial. See, e.g., Williams v. McClain, 708 F. Supp. 1086, 1090 (W.D. Mo. 1989). The different procedures a party may use to obtain information in discovery are set forth in the Federal Rules of Civil Procedure, primarily in Rules 26 through 37.

The Court will also discuss other legal procedures that may be used before trial to ensure "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

### B. Initial Disclosures

The Federal Rules of Civil Procedure generally require the parties to exchange initial disclosures of certain relevant information without awaiting a discovery request. See Fed. R. Civ. P. 26(a)(1)(A). The Court does not, however, require *pro se* parties to provide initial disclosures or participate in a Rule 26(f) conference. See id. (allowing a court to exempt a party from the initial disclosure requirement); Fed. R. Civ. P. 26(f)(1); see also Fed. R. Civ. P. 26(a)(1)(B)(iv). Thus, the Court Orders that plaintiff need not provide initial disclosures under Rule 26, and need not participate in a Rule 26(f) conference before the Initial Conference.

### C. Important Requirements

It is the responsibility of ALL parties to confirm that their contact information is correct at the time of filing the Complaint or Answer, and to monitor the status of their cases in order to avoid missing court appearances or deadlines set by the Court. The parties must also promptly

send written notice to the judge, the Clerk of the Court, and counsel for all other parties of any changes in mailing address and/or telephone numbers. Every communication sent to the Court must also be sent to the opposing party or counsel. Any document received by a district judge or magistrate judge that fails to indicate that a copy has been sent to all opposing parties and counsel may be disregarded by the Court.

### D. Plaintiff's Duty to Participate in Court Proceedings, Update Contact Information, and Check the Status of the Case

The federal courts are open to all persons, including those who may not have regular access to postal or telephone service. Nonetheless, it is incumbent upon a litigant—particularly a plaintiff who seeks to avail himself of the Court's assistance to obtain relief of some sort—to monitor the progress of the case, to check the docket sheet periodically (online, in person, or by phoning the Clerk of the Court), and to seek to move the case forward. The plaintiff is also under an obligation to provide and update his contact information so that the Court can provide him with Orders and other information regarding the action. By filing a lawsuit in federal court, a plaintiff voluntarily assumes such responsibilities. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). If a plaintiff fails to pursue his case or to satisfy his obligations without good reason, his case may be dismissed with or without prejudice. Id.; see also In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013); Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)).

The Court is mindful of the possibility that a party may not be able to provide a stable mailing address. Even if that is the case, the party nonetheless must remain in contact with the Court and other parties, and obtain information regarding the case in some other way, such as:

- By visiting the Clerk of the Court's office on the first floor of 225 Cadman Plaza East and either accessing the docket on the public

terminals or speaking with a deputy clerk;

- By calling the Pro Se Office at (718) 613-2665;
- By accessing the docket available online through CM/ECF or PACER; or
- By calling chambers at (718) 613-2360.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
   January 18, 2023         /s/ Cheryl L. Pollak
                  Cheryl L. Pollak
                  United States Magistrate Judge
                  Eastern District of New York